LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Melanie T. Partow, Esq. (SBN 254843)
Mpartow@galipolaw.com
Renee S. Valentine, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS VAUGHN; S.J., a minor, by and through her guardian ad litem Tiassa Powell; and D.J.A, a minor, by and through his guardian ad litem Tiassa Powell, in each case individually and as a successor in interest to Redel Jones, deceased; and HAROLD HORNE, individually,<br><br>        Plaintiffs,<br><br>    vs.<br><br>CITY OF LOS ANGELES; BRETT RAMIREZ; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.   2:16-cv-03086<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)<br>2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)<br>3. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)<br>4. Substantive Due Process (42 U.S.C. § 1983)<br>5. Municipal Liability—Ratification (42 U.S.C. § 1983)<br>6. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)<br>7. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>8. False Arrest/False Imprisonment<br>9. Battery (Wrongful Death)<br>10. Negligence (Wrongful Death)<br>11. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs MARCUS VAUGHN; S.J., a minor, by and through her guardian ad litem Tiassa Powell; and D.J.A, a minor, by and through his guardian ad litem Tiassa Powell, in each case individually and as a successor in interest to Redel Jones, deceased; and HAROLD HORNE, individually, for their Complaint against Defendants City of Los Angeles, Brett Ramirez, and Does 1-10, inclusive, and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved Tasing and shooting of Plaintiffs' father, wife, and daughter, Redel Jones ("DECEDENT"), on August 12, 2015.

## PARTIES

4.      At all relevant times, Decedent Redel Jones was an individual residing in the City of Los Angeles, California.

5.      Plaintiff MARCUS VAUGHN ("VAUGHN") is an individual residing in the City of Oakland, California and is the husband of DECEDENT.  VAUGHN sues both in his individual capacity as the husband of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  VAUGHN seeks both survival and wrongful death damages under federal and state law.

6.      Plaintiff HAROLD HORNE ("HORNE") is an individual residing in the City of Los Angeles, California and is the natural father of DECEDENT. HORNE sues in his individual capacity as the natural father of DECEDENT. HORNE seeks wrongful death damages under federal law.

7.      Plaintiff S.J. is an individual residing in the City of Oakland, California and is the natural daughter of DECEDENT.  S.J. sues both in her individual capacity as the natural child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. S.J. seeks both survival and wrongful death damages under federal and state law.

8.      Plaintiff D.J.A. is an individual residing in the City of Oakland, California and is the natural son of DECEDENT.  D.J.A. sues both in his individual capacity as the natural child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  D.J.A. seeks both survival and wrongful death damages under federal and state law.

9.      At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices,

and customs of its various agents and agencies, including the Los Angeles Police Department ("LAPD") and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, CITY was the employer of Defendants DOES 1-10.

10.     Defendant BRETT RAMIREZ ("RAMIREZ") is a police officer working for the LAPD.  RAMIREZ was acting under color of law within the course and scope of his duties as an officer working for the LAPD.  RAMIREZ was acting with the complete authority and ratification of his principal, Defendant CITY.

11.     Defendants DOES 1-5 ("DOE OFFICERS") are officers for the LAPD.  DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the LAPD.  DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

12.     Defendants DOES 6-8 are supervisory officers for the LAPD who were acting under color of law within the course and scope of their duties as officers for the LAPD.  DOES 6-8 were acting with the complete authority and ratification of their principal, Defendant CITY.

13.     Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the LAPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the LAPD.  DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

14.     On information and belief, Defendants RAMIREZ and DOES 1-10 were residents of the City of Los Angeles.

15.     In doing the acts and failing and omitting to act as hereinafter described, Defendants RAMIREZ and DOE OFFICERS were acting on the implied and actual permission and consent of Defendants LAPD and DOES 6-10.

COMPLAINT FOR DAMAGES

16.     In doing the acts and failing and omitting to act as hereinafter described, Defendants RAMIREZ and DOES 1-10 were acting on the implied and actual permission and consent of the CITY.

17.     The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

18.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

19.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

20.     Defendants RAMIREZ and DOES 1-10 are sued in their individual capacity.

21.     On or about December, 2015, pursuant to *Government Code* Section 910, Plaintiffs presented a claim with the City of Los Angeles in full and timely compliance with the *California Tort Claim Act*.

22.     On or about December 16, 2015, the City of Los Angeles rejected Plaintiffs' Claim pursuant to Government Code Sections 913 and 915.4.

COMPLAINT FOR DAMAGES

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

23.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 22 of this Complaint with the same force and effect as if fully set forth herein.

24.     On August 12, 2015, around 1:40 p.m. on that date, Defendants RAMIREZ and DOE OFFICERS contacted DECEDENT (Redel Jones) at or near the intersection of Marlton Avenue and Santo Tomas Drive in Los Angeles, California, and then pursued her into a nearby alley.  RAMIREZ and DOE OFFICERS improperly detained and arrested DECEDENT.  RAMIREZ and DOE OFFICERS also used a TASER against her as she was moving away from the officers, and Defendant RAMIREZ shot DECEDENT multiple times, also as DECEDENT was moving away from the officers, thereby using excessive force against her.  As a result of the use of excessive force, DECEDENT endured severe pain and suffering and then lost her life and earning capacity.

25.     The use of deadly force against DECEDENT was excessive and objectively unreasonable under the circumstances, especially because DECEDENT was not armed with a gun and did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.  According to at least one percipient witness DECEDENT did not lunge or charge at RAMIREZ or DOE OFFICERS.

26.     Upon information and belief, after being shot, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment.  Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's serious injuries.

27.     Plaintiffs were dependent on DECEDENT, to some extent, for the necessities of life.

COMPLAINT FOR DAMAGES

28.     Plaintiffs S.J. and D.J.A. are DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT's interest in this action as the natural children of DECEDENT.

29.     Plaintiff VAUGHN is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural husband of DECEDENT.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)

(By Plaintiffs VAUGHN, S.J., and D.J.A. against Defendants RAMIREZ and DOE OFFICERS)

30.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 29 of this Complaint with the same force and effect as if fully set forth herein.

31.     Defendants RAMIREZ and DOE OFFICERS detained DECEDENT without reasonable suspicion and arrested her without probable cause.

32.     When Defendants RAMIREZ and DOE OFFICERS pointed a gun at DECEDENT, shot DECEDENT, and placed her in handcuffs, they violated DECEDENT's right to be secure in her person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

33.     The conduct of Defendants RAMIREZ and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants RAMIREZ and DOE OFFICERS.

34.     As a result of their misconduct, Defendants RAMIREZ and DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral

1  participants in the wrongful detention and arrest, or because they failed to intervene
2  to prevent these violations.

3       35.    Plaintiffs S.J. and D.J.A. bring this claim as DECEDENT's successors-
4  in-interest as defined in Section 377.11 of the California Code of Civil Procedure
5  and seek both survival and wrongful death damages for the violation of
6  DECEDENT's rights.  Plaintiffs also seek attorney's fees.

7       36.    Plaintiff VAUGHN is DECEDENT's successor-in-interest as defined
8  in Section 377.11 of the California Code of Civil Procedure and seeks both survival
9  and wrongful death damages for the violation of DECEDENT's rights.  Plaintiff
10  VAUGHN also seeks attorney's fees.

11                    **SECOND CLAIM FOR RELIEF**
12           **Fourth Amendment —Excessive Force (42 U.S.C. § 1983)**
13   (By Plaintiffs VAUGHN, S.J., and D.J.A. against Defendants RAMIREZ and DOE
14                                OFFICERS)

15       37.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1
16  through 36 of this Complaint with the same force and effect as if fully set forth
17  herein.

18       38.    Defendant RAMIREZ used excessive force against DECEDENT when
19  he shot her.  Defendant RAMIREZ' unjustified shooting deprived DECEDENT of
20  his right to be secure in his person against unreasonable searches and seizures as
21  guaranteed to DECEDENT under the Fourth Amendment to the United States
22  Constitution and applied to state actors by the Fourteenth Amendment.

23       39.    DOE OFFICERS integrally participated and/or failed to intervene.

24       40.    As a result of the foregoing, DECEDENT suffered great physical pain
25  and emotional distress up to the time of her death, loss of enjoyment of life, loss of
26  life, and loss of earning capacity.

27       41.    The conduct of Defendants RAMIREZ and DOE OFFICERS was
28  willful, wanton, malicious, and done with reckless disregard for the rights and safety

1  of DECEDENT, and therefore warrants the imposition of exemplary and punitive

2  damages as to Defendants RAMIREZ and DOE OFFICERS.

3       42.    The shooting was excessive and unreasonable, and DECEDENT posed

4  no immediate threat of death or serious bodily injury at the time of the shooting.

5  Further, Defendant RAMIREZ' shooting and use of force violated his training and

6  standard police officer training.

7       43.    Plaintiffs S.J. and D.J.A. bring this claim as DECEDENT's successors-

8  in-interest as defined in Section 377.11 of the California Code of Civil Procedure

9  and seek both survival and wrongful death damages for the violation of

10  DECEDENT's rights.  Plaintiffs also seek attorney's fees.

11       44.    Plaintiff VAUGHN is DECEDENT's successor-in-interest as defined

12  in Section 377.11 of the California Code of Civil Procedure and seeks both survival

13  and wrongful death damages for the violation of DECEDENT's rights.  Plaintiff

14  VAUGHN also seeks attorney's fees.

15

16              **THIRD CLAIM FOR RELIEF**

17       **Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)**

18   (By Plaintiffs VAUGHN, S.J., and D.J.A. against Defendants RAMIREZ and DOE

19                        OFFICERS)

20       45.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

21  through 44 of this Complaint with the same force and effect as if fully set forth

22  herein.

23       46.    The denial of medical care by Defendants RAMIREZ and DOE

24  OFFICERS deprived DECEDENT of her right to be secure in her person against

25  unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth

26  Amendment to the United States Constitution and applied to state actors by the

27  Fourteenth Amendment.

28

-8-

COMPLAINT FOR DAMAGES

47.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of her death, loss of enjoyment of life, loss of life, and loss of earning capacity.

48.     Defendants RAMIREZ and DOE OFFICERS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

49.     The conduct of RAMIREZ and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants RAMIREZ and DOE OFFICERS.

50.     As a result of their misconduct, Defendants RAMIREZ and DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

51.     Plaintiffs S.J. and D.J.A. bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees.

52.     Plaintiff VAUGHN is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiff VAUGHN also seeks attorney's fees.

COMPLAINT FOR DAMAGES

**FOURTH CLAIM FOR RELIEF**

**Substantive Due Process (42 U.S.C. § 1983)**

(By all Plaintiffs against Defendants RAMIREZ and DOE OFFICERS)

53.     Plaintiffs repeat and re-alleges each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.     Plaintiff HORNE had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property, including but not limited to unwarranted state interference in Plaintiff HORNE's familial relationship with his daughter, DECEDENT.

55.     DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience.

56.     Plaintiff VAUGHN had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property, including but not limited to unwarranted state interference in Plaintiff VAUGHN's familial relationship with his wife, DECEDENT.

57.     Plaintiff S.J. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her father, DECEDENT.

58.     Plaintiff D.J.A. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property, including but not limited to

1   unwarranted state interference in Plaintiff's familial relationship with his father,

2   DECEDENT.

3       59.    As a direct and proximate result of aforementioned actions of

4   RAMIREZ and DOE OFFICERS, including their use of excessive and unreasonable

5   force against DECEDENT, DECEDENT experienced pain and suffering and

6   eventually died.  RAMIREZ and DOE OFFICERS thus violated the substantive due

7   process rights of Plaintiffs to be free from unwarranted interference with their

8   familial relationship with DECEDENT.

9       60.    As a direct and proximate cause of the acts of RAMIREZ and DOE

10   OFFICERS, Plaintiffs suffered emotional distress, mental anguish, and pain.

11   Plaintiff has also been deprived of the life-long love, companionship, comfort,

12   support, society, care, and sustenance of DECEDENT, and will continue to be so

13   deprived for the remainder of their natural lives.

14       61.    The conduct of RAMIREZ and DOE OFFICERS was willful, wanton,

15   malicious, and done with reckless disregard for the rights and safety of DECEDENT

16   and Plaintiff and therefore warrants the imposition of exemplary and punitive

17   damages as to Defendants RAMIREZ and DOE OFFICERS.

18       62.    Plaintiffs S.J. and D.J.A. bring this claim as DECEDENT's successors-

19   in-interest as defined in Section 377.11 of the California Code of Civil Procedure

20   and seek both survival and wrongful death damages for the violation of

21   DECEDENT's rights.  Plaintiffs also seek attorney's fees.

22       63.    Plaintiff VAUGHN is DECEDENT's successor-in-interest as defined

23   in Section 377.11 of the California Code of Civil Procedure and seeks both survival

24   and wrongful death damages for the violation of DECEDENT's rights.  Plaintiff

25   VAUGHN also seeks attorney's fees.

26       64.    Plaintiff HORNE brings this claim individually and seeks wrongful

27   death damages and attorney's fees.

28

COMPLAINT FOR DAMAGES

**<u>FIFTH CLAIM FOR RELIEF</u>**

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

(By Plaintiffs VAUGHN, S.J., and D.J.A. against Defendants CITY and DOES 6-10)

65.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 64 of this Complaint with the same force and effect as if fully set forth herein.

66.    Defendants RAMIREZ and DOE OFFICERS acted under color of law;

67.    The acts of Defendants RAMIREZ and DOE OFFICERS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

68.    Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants RAMIREZ and DOE OFFICERS, ratified Defendants RAMIREZ' and DOE OFFICERS' acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of Defendants RAMIREZ' and DOE OFFICERS' acts.

69.    Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants RAMIREZ and DOE OFFICERS were "within policy."

70.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

71.    Accordingly, Defendants CITY, RAMIREZ and DOES 1-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

72.     Plaintiffs S.J. and D.J.A. bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees.

73.     Plaintiff VAUGHN is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiff VAUGHN also seeks attorney's fees.

### SIXTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(By Plaintiffs VAUGHN, S.J., and D.J.A. against Defendants CITY and DOES 6-10)

74.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 73 of this Complaint with the same force and effect as if fully set forth herein.

75.     Defendants RAMIREZ and DOE OFFICERS acted under color of law.

76.     The acts of Defendants RAMIREZ and DOE OFFICERS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

77.     The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

78.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

79.     The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiffs' rights by Defendants RAMIREZ and DOE OFFICERS; that is, Defendants' failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

80.     On information and belief, CITY failed to train RAMIREZ and DOE OFFICERS properly and adequately.

81.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

82.     Accordingly, Defendants CITY, RAMIREZ and DOES 1-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

83.     Plaintiffs S.J. and D.J.A. bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees.

84.     Plaintiff VAUGHN is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiff VAUGHN also seeks attorney's fees.

## SEVENTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(By Plaintiffs VAUGHN, S.J., and D.J.A. against Defendants CITY and DOES 6-10)

85.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 84 of this Complaint with the same force and effect as if fully set forth herein.

86.     Defendants RAMIREZ and DOE OFFICERS acted under color of law.

87.     Defendants RAMIREZ and DOE OFFICERS acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

88.     On information and belief, Defendants RAMIREZ and DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

89.     Defendants CITY, RAMIREZ and DOE OFFICERS, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)     Using excessive force, including excessive deadly force;

(b)     Providing inadequate training regarding the use of deadly force;

(c)     Employing and retaining as police officers individuals such as Defendants RAMIREZ and DOE OFFICERS, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)     Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants RAMIREZ and DOE OFFICERS, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by Defendants RAMIREZ and DOE OFFICERS;

(f)     Failing to adequately discipline CITY police officers, including Defendants RAMIREZ and DOE OFFICERS, for the above-referenced categories of misconduct, including "slaps on the

wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

(j) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

90. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

-16-

91.    Defendants CITY, RAMIREZ, and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

92.    The following are only a few examples of continued misconduct by officers working for Defendant CITY.  These examples demonstrate an unconstitutional custom, policy, and practice of using deadly force against unarmed civilians, and ratifying that use of deadly force and/or finding the use of deadly force to be justified or "within policy":

a) In *Contreras v. City of Los Angeles*, case number 2:11-cv-01480-SVW (SHx)), the CITY argued that the use deadly force against Mr. Contreras by LAPD officers was reasonable; a unanimous jury disagreed, awarding Mr. Contreras $5,700,000 after finding that the involved officers used excessive and unreasonable force when they shot an unarmed Mr. Contreras.  Police reports confirmed that Mr. Contreras was unarmed.  In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

b) In *P.C., et al. v. City of Los Angeles*, case number CV 07-3413 PLA, the CITY argued that the involved LAPD officers' use of force was reasonable; a unanimous jury disagreed, awarding the plaintiffs a total of $3,215,000 after finding that the involved officers' use of force was excessive and unreasonable.  In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY

found that the shooting was justified and did not violate any CITY policy.

    c) In *Cano, et al. v. City of Los Angeles*, case number 2:15-cv-00333-JAK-E, currently pending in the United States District Court for the Central District of California, the family of an unarmed man (David Martinez) who was shot and killed by LAPD Rampart officers alleges that the force used by the officers was excessive and unreasonable. Police reports confirm that Mr. Martinez was unarmed at the time of the shooting. In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

93.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, RAMIREZ and DOES 1-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights.  Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY, RAMIREZ and DOES 1-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

94.    Accordingly, Defendants CITY, RAMIREZ and DOES 1-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

95.    Plaintiffs S.J. and D.J.A. bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees.

96.    Plaintiff VAUGHN is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiff VAUGHN also seeks attorney's fees.

COMPLAINT FOR DAMAGES

1

2

## EIGHTH CLAIM FOR RELIEF

3

### False Arrest/False Imprisonment

4

(By Plaintiffs VAUGHN, S.J., and D.J.A. against Defendants CITY, RAMIREZ and

5

DOE OFFICERS)

6       97.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

7   through 96 of this Complaint with the same force and effect as if fully set forth

8   herein.

9       98.     Defendants RAMIREZ and DOE OFFICERS, while working as

10  officers for the LAPD and acting within the course and scope of their duties,

11  intentionally deprived DECEDENT of his freedom of movement by use of force,

12  threats of force, menace, fraud, deceit, and unreasonable duress.  RAMIREZ and

13  DOE OFFICERS detained DECEDENT without reasonable suspicion and arrested

14  him without probable cause.

15      99.     DECEDENT did not knowingly or voluntarily consent.

16      100.   Defendants RAMIREZ and DOE OFFICERS detained DECEDENT

17  for an appreciable amount of RAMIREZ and time.

18      101.   The conduct of DOE OFFICERS was a substantial factor in causing the

19  harm to DECEDENT.

20      102.   Defendant CITY is vicariously liable for the wrongful acts of

21  Defendants RAMIREZ and DOE OFFICERS pursuant to section 815.2(a) of the

22  California Government Code, which provides that a public entity is liable for the

23  injuries caused by its employees within the scope of the employment if the

24  employee's act would subject him or her to liability.

25      103.   The conduct of RAMIREZ and DOE OFFICERS was malicious,

26  wanton, oppressive, and accomplished with a conscious disregard for the rights of

27  DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

28

104.   As a result of their misconduct, Defendants RAMIREZ and DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

105.   Plaintiffs S.J. and D.J.A. bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees.

106.   Plaintiff VAUGHN is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiff VAUGHN also seeks attorney's fees.

## NINTH CLAIM FOR RELIEF

### Battery

(Wrongful Death)

(By Plaintiffs VAUGHN, S.J., and D.J.A. against Defendants CITY, RAMIREZ and DOE OFFICERS)

107.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 106 of this Complaint with the same force and effect as if fully set forth herein.

108.   RAMIREZ, while working as an officer for the LAPD, and acting within the course and scope of his duties, intentionally shot DECEDENT multiple times and used unreasonable and excessive force against her.  As a result of the actions of RAMIREZ, DECEDENT suffered severe pain and suffering and ultimately died from his injuries.  RAMIREZ had no legal justification for using force against DECEDENT, and his use of force while carrying out his duties as a police officer was an unreasonable and non-privileged use of force.

1    109.   DOE OFFICERS integrally participated and/or failed to intervene in

2    the Tasing and shooting of DECEDENT.

3    110.   As a direct and proximate result of the conduct of RAMIREZ and as

4    alleged above, DECEDENT sustained injuries and died from his injuries and also

5    lost his earning capacity.  Also as a direct and proximate result of the conduct of

6    RAMIREZ as alleged above, DECEDENT suffered survival damages pursuant to

7    Code of Civil Procedure Section 377.34.

8    111.   CITY is vicariously liable for the wrongful acts of Defendant DOES 1

9    pursuant to section 815.2(a) of the California Government Code, which provides

10   that a public entity is liable for the injuries caused by its employees within the scope

11   of the employment if the employee's act would subject him or her to liability.

12   112.   The conduct of RAMIREZ and DOE OFFICERS was malicious,

13   wanton, oppressive, and accomplished with a conscious disregard for the rights of

14   Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-

15   interest to DECEDENT, to an award of exemplary and punitive damages as to

16   Defendants RAMIREZ and DOE OFFICERS.

17   113.   Plaintiffs S.J. and D.J.A. bring this claim as DECEDENT's successors-

18   in-interest as defined in Section 377.11 of the California Code of Civil Procedure

19   and seek both survival and wrongful death damages for the violation of

20   DECEDENT's rights.  Plaintiffs also seek attorney's fees.

21   114.   Plaintiff VAUGHN is DECEDENT's successor-in-interest as defined

22   in Section 377.11 of the California Code of Civil Procedure and seeks both survival

23   and wrongful death damages for the violation of DECEDENT's rights.  Plaintiff

24   VAUGHN also seeks attorney's fees.

25

26

27

28

COMPLAINT FOR DAMAGES

## **TENTH CLAIM FOR RELIEF**

### **Negligence**

(Wrongful Death)

(By Plaintiffs VAUGHN, S.J., and D.J.A. against all Defendants)

115.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 114 of this Complaint with the same force and effect as if fully set forth herein.

116.   Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

117.   Defendants RAMIREZ and DOES 1-10 breached this duty of care. Upon information and belief, the actions and inactions of Defendants RAMIREZ and DOES 1-10 were negligent and reckless, including but not limited to:

(a)   the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(b)   the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c)   the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(d)   the failure to provide prompt medical care to DECEDENT;

(e)   the failure to properly train and supervise employees, both professional and non-professional, including DOE OFFICERS;

(f)   the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g)   the negligent handling of evidence and witnesses; and

(h)   the negligent communication of information during the incident.

COMPLAINT FOR DAMAGES

118.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

119.   CITY is vicariously liable for the wrongful acts of Defendants RAMIREZ and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

120.   Plaintiffs S.J. and D.J.A. bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees.

121.   Plaintiff VAUGHN is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiff VAUGHN also seeks attorney's fees.

## ELEVENTH CLAIM FOR RELIEF
### (Violation of Cal. Civil Code § 52.1)

(By Plaintiffs VAUGHN, S.J., and D.J.A. against all Defendants)

122.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 121 of this Complaint with the same force and effect as if fully set forth herein.

123.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

124.   On information and belief, Defendants RAMIREZ and DOE OFFICERS, inclusive, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by shooting him without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.

125.   When Defendant RAMIREZ shot DECEDENT, he interfered with her civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

126.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising her civil rights, to retaliate against her for invoking such rights, or to prevent her from exercising such rights, which she was fully entitled to enjoy.

127.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants RAMIREZ and DOE OFFICERS, inclusive were intended to discourage her from exercising the above civil rights, to retaliate against her for invoking such rights, or to prevent her from exercising such rights.

128.    Defendants thus successfully interfered with the above civil rights of DECEDENT and Plaintiffs.

129.   The conduct of Defendants was a substantial factor in causing Plaintiffs' harms, losses, injuries, and damages.

130.   CITY is vicariously liable for the wrongful acts of Defendants RAMIREZ and DOE OFFICERS, inclusive, pursuant to section 815.2(a) of the

California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

131.   Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

132.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to Defendants RAMIREZ and DOE OFFICERS.

133.   Plaintiffs S.J. and D.J.A. bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees.

134.   Plaintiff VAUGHN is also DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiff VAUGHN also seeks attorney's fees.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Marcus Vaughn, Harold Horne, S.J., and D.J.A. request entry of judgment in their favor and against Defendants City of Los Angeles, Brett Ramirez and Does 1-10, inclusive, as follows:

A.   For compensatory damages in t whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B.   For funeral and burial expenses, and loss of financial support;

C.   For punitive damages against the individual defendants in an amount to be proven at trial;

D.   For statutory damages;

E.   For interest;

F.   For reasonable attorneys' fees, including litigation expenses;

G.   For costs of suit; and

H.   For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  May 4. 2016              LAW OFFICES OF DALE K. GALIPO

By    /s/ Dale K. Galipo
      Dale K. Galipo
      Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2
      Plaintiffs hereby demand a trial by jury.

3

4
DATED:  May 4. 2016          LAW OFFICES OF DALE K. GALIPO

5

6
                 By  <u>/s/ Dale K. Galipo</u>

7
                   Dale K. Galipo
                   Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES