1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (SBN 144074)
2  dalekgalipo@yahoo.com
   Melanie T. Partow, Esq. (SBN 254843)
3  Mpartow@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, California  91367
   Telephone:   (818) 347-3333
5  Facsimile:    (818) 347-4118

6  *Attorneys for Plaintiffs*

7                    UNITED STATES DISTRICT COURT
8                    CENTRAL DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| MARCUS VAUGHN; S.J., a minor, by and through her guardian ad litem Tiassa Powell; and D.J.A, a minor, by and through his guardian ad litem Tiassa Powell, in each case individually and as a successor in interest to Redel Jones, deceased; and HAROLD HORNE, individually,<br><br>      Plaintiffs,<br><br>    vs.<br><br>CITY OF LOS ANGELES; BRETT RAMIREZ; and DOES 1-10, inclusive,<br><br>      Defendants. | **Case No. CV 16-03086 AB (AJWx)**<br><br>[*Honorable Andre Birotte, Jr.*]<br><br>**PLAINTIFFS' WITNESS LIST**<br><br><br>Trial:                      11/7/17<br>Pretrial Conference:  10/16/17 |

1  **TO THIS HONORABLE COURT,** following the pre-trial meeting of
2  counsel and pursuant to Local Rule 16 and this Court's Order Re: Jury Trial [Dkrt.
3  #28], Plaintiffs hereby submit their witness list.  Plaintiffs reserve the right to revise
4  and further supplement this list.
5
6  Respectfully submitted,
7  DATED:   September 25, 2017         LAW OFFICES OF DALE K. GALIPO
8
9
10                                         By      /s Melanie T. Partow
                                            Dale K. Galipo
11                                          Melanie T. Partow
                                            *Attorneys for Plaintiff*
12
13
...
28

## Plaintiffs' Exhibits

*Plaintiffs' counsel is working to determine which witnesses are available for the current trial date and with defense counsel to limit the need to call unnecessary City employees. Where [**] is used to denote multiple witnesses that may testify on the same or similar subject, please note that Plaintiffs will only call one of the listed witnesses for a single issue, subject to who is available. If necessary, Plaintiffs will file an Amended Exhibit List pairing down this witness list once witness confirmations are obtained.*

| Witness. | Brief Description of Testimony | Direct (hr) | Cross (hr) |
|---|---|---|---|
| 1. Defendant Officer Brett Ramirez | Officer Ramirez is the shooting officer. He will testify as to the information known to him and the circumstances of his use of deadly force against Redel Jones. | 1.5 | .75 |
| 2. LAPD Officer Alonzo Iniguez | Officer Iniguez was Officer Ramirez' partner and is a percipient witness. He also pursued Redel Jones along with Officer Ramirez, but he did not fire. He will testify as to the objective circumstances of the shooting. | .67 | .5 |
| 3. LAPD Officer Andrew Carpenter | Officer Carpenter arrived with Officer Hughes and engaged in a foot pursuit of Redel Jones along with Officers Ramirez and Iniguez. Officer Carpenter did not fire and will testify as to the objective circumstances of the shooting. | .5 | .5 |
| 4. LAPD Officer Kenneth Hughes | Officer Carpenter arrived with Officer Hughes and engaged in a foot pursuit of Redel Jones along with Officers Ramirez and Iniguez. Officer Carpenter did not fire and will testify as to the objective circumstances of the shooting. Officer Hughes discharged his TASER at Redel Jones near to or simultaneously with the shots fired by Officer Ramirez. | 1.25 | .5 |

| Witness. | Brief Description of Testimony | Direct (hr) | Cross (hr) |
|---|---|---|---|
| 5. Dr. Keng-Chi Su | Dr. Su performed the autopsy of Redel Jones and will testify as to her injuries, bullet path and trajectory of her wounds.  Dr. Su will also testify as to the lack of any GSR on Jones and to communications had with LAPD Detectives before any autopsy conclusions were reached. | .75 | .25 |
| 6. Denise Burton (County Coroner Investigator) | Will testify as to conversations with Plaintiff Marcus Vaughn after the shooting, concerning Redel Jones' mental illness and general state of being at the time of the shooting. | .25 | .25 |
| 7. Sue Pearring (County Department of Coroner Senior Criminalist) | Criminalist Pearring will testify as to the evidence collected during autopsy and communications had with LAPD Detectives before autopsy conclusions were reached.  Pearring will also testify that blood results showed that Jones had no Seroquel in her system, which was the medication that was prescribed to Jones to treat her bi-polar disorder. | .25 | .25 |
| 8. LAPD Officer Nicole Evans* | Responded to the shooting and will testify as to the position of Redel Jones' body, her condition upon arrival, and that Jones was best positioned to prevent the bleeding from obstructing her breathing. | .25 | .1 |
| 9. LAPD Officer Dara Choub* | Responded to the shooting and will testify as to the position of Redel Jones' body, her condition upon arrival, and that Jones was best positioned to prevent the bleeding from obstructing her breathing. | .25 | .1 |
| 10. LA Fire/Paramedic Herbert Reddick** | First Responder who administered aid to Jones and pronounced Jones deceased at the scene. | .25 | .1 |

| Witness. | Brief Description of Testimony | Direct (hr) | Cross (hr) |
|---|---|---|---|
| 11. LA Fire/Paramedic William Collyer** | First Responder to assessed Jones and administered aid at scene. | .25 | .1 |
| 12. LA Fire / Paramedic Kyle Hernandez** | First Responder to assessed Jones and administered aid at scene. | .25 | .1 |
| 13. Sgt. Dwayne Wilson*** | Sgt. Wilson will testify as to what Ramirez first disclosed about the shooting during his public safety statement. | .5 | .25 |
| 14. Detective Donald Walthers*** | Lead LAPD Detective who reviewed, documented and summarized evidence and took witness statements. He will testify as to his factual conclusions regarding the loading of Officer Ramirez' weapon, the officers' activation (or failure to activate) their DICVS (vehicle cameras) until after the incident, the absence of body worn video equipment, movement of the vehicles driven by Ramirez and Carpenter and Hughes at the scene – after the shooting but before the scene was documented,  He will testify as to his investigation into the shooting and the facts that were relayed to the department in support of the finding that the shooting was justified. | 1 | .5 |
| 14. Detective Eduardo Gonzalez*** | Reviewed, documented and summarized evidence and took witness statements.  He will testify as to his investigation into the shooting. | .25 | .1 |
| 15. Detective McKnight*** | Reviewed, documented and summarized evidence and took witness statements.  He will testify as to his investigation into the shooting. | .25 | .1 |

-4-
PLAINTIFFS' WITNESS LIST

| Witness. | Brief Description of Testimony | Direct (hr) | Cross (hr) |
|---|---|---|---|
| 16. Detective Stone*** | Reviewed, documented and summarized evidence and took witness statements. He will testify as to his investigation into the shooting. | .25 | .1 |
| 17. Ajlon Jaalah Hunter | An associate of Ms. Jones who will testify that Ms. Jones was mentally ill and that she was not taking her bi-polar medication at the time of the incident. | .5 | .5 |
| 18. Courtyana Franklin | Percipient witness to the shooting who will testify that Ms. Jones was not advancing toward Officer Ramirez with a knife raised over her head at the time of the shots. | .75 | .25 |
| 19. Kathleen Alvarado, Criminalist II, Serial No. N4216 | Will testify that no gunshot residue was found on Jones' clothing, no latent prints or DNA on the knife, and that Officer Ramirez firearm was improperly loaded to contain more bullets then it was designed to carry. Will also aid the jury's understanding of the scene photos and testify as to the location of bullet defects, bullet casings, fragments and other evidence, such as TASER wires and cartridges, at the scene and scene measurements and distances. | .25 | .1 |
| 20. Alan Perez, Criminalist II, Serial No. N3438 | Will testify as to the test-firing and loading of Officer Ramirez' pistol. | .25 | .1 |
| 21. Jessica Moody, Criminalist II, Serial No. N4576 | Will testify as to her examination and bullet cartridge / case comparison report, and the characteristics, such as projectile patterns, of Officer Ramirez' pistol. | .25 | .1 |
| 22. Carole Acosta, Criminalist II, Serial No. N3453 | Will testify as to the conclusions of her report documenting the testing of Jones' clothing for a distance determination. | .25 | .1 |

| Witness. | Brief Description of Testimony | Direct (hr) | Cross (hr) |
|---|---|---|---|
| 23. Brian Kim, DNA Unit Criminalist II, Serial No. N4671 | Will testify as to the conclusions of his report and testing for DNA from the handle of the knife. | .25 | .1 |
| 24. Arthur Gerio, Forensic Print Specialist, Serial No. V8109 | Will testify as to the conclusions of his report and testing for latent fingerprints on the knife. | .25 | .1 |
| 25. Craig Piantanida, FID Detective | Will testify as to his post-incident examination of Officer Ramirez' pistol, and that after five rounds were fired during the incident, 13 rounds remained in the gun. | .25 | .1 |

| Witness. | Brief Description of Testimony | Direct (hr) | Cross (hr) |
|---|---|---|---|
| 26. Sean Parker, Captain 1, Southwest Division, Serial No. 32587 | Was the Southwest Patrol Division Commanding Officer at the time of the shooting. He will testify concerning the violations of LAPD policy that were uncovered by the officers' actions during this particular incident, including misuse and unavailability of HRDs, the officers' failure to operate their DICVS until after the shooting, the misloading of Officer Ramirez' gun, and the failure to turn off DICVS recording devices worn by employees involved in OIS' prior to public safety statements and administrative interviews. Will also testify concerning the formal disciplinary or training measures that were taken in response to these items for this case. Will also testify as to LAPD policy and procedure on the Use of Force, Investigation and Review of OIS, and the Training and Discipline of Officers. Will also testify as to the facts set forth in the LAPD's Quarterly Reports to the Board of Police Commissioners for the five years prior to the incident. | 2 | 1 |

| Witness. | Brief Description of Testimony | Direct (hr) | Cross (hr) |
|---|---|---|---|
| 27. Lt. Brian Gilman**** | Officer in Charge of the LAPD Force Investigation Division, who co-authored the 16-page Investigative Summary of this incident for LAPD Chief Charlie Beck.  He will testify that he reviewed and compiled a summary of this incident in a report addressed to the Chief of Police.  He will testify that the LAPD concluded that this shooting was deemed to be within policy, and that his report listed the outstanding issues and LAPD policy violations that were being delegated to Southwest Division Captain Sean Parker for him to address.  Will also testify as to LAPD policy and procedure on the Use of Force, Investigation and Review of OIS, and the Training and Discipline of Officers.  Will also testify as to the facts set forth in the LAPD's Quarterly Reports to the Board of Police Commissioners for the five years prior to the incident. | 1 | .5 |

| Witness. | Brief Description of Testimony | Direct (hr) | Cross (hr) |
|---|---|---|---|
| 28. Commander Robert A. Lopez**** | Was the Commanding Officer of the LAPD Force Investigation Division. who co-authored the 16-page Investigative Summary of this incident for LAPD Chief Charlie Beck.  He will testify that he reviewed and compiled a summary of this incident in a report addressed to the Chief of Police.  He will testify that the LAPD concluded that this shooting was deemed to be within policy, and that his report listed the outstanding issues and LAPD policy violations that were being delegated to Southwest Division Captain Sean Parker for him to address.  Will also testify as to LAPD policy and procedure on the Use of Force, Investigation and Review of OIS, and the Training and Discipline of Officers.  Will also testify as to the facts set forth in the LAPD's Quarterly Reports to the Board of Police Commissioners for the five years prior to the incident. | 1 | .5 |

| Witness. | Brief Description of Testimony | Direct (hr) | Cross (hr) |
|---|---|---|---|
| 29. Roger Clark | Plaintiffs' police practices expert will testify as to the actions of a reasonable officer facing similar factual circumstances as Officer Ramirez, that Officer Ramirez acted unreasonably and used excessive force, that his conduct was an overreaction, and that Officer Ramirez' conduct violated LAPD policy, and POST standards. Roger Clark will also rely on his training and experience to help the jury understand basic principles of crime scene analysis, basic bullet trajectory and bullet path analysis, and general ballistics. He will also testify about the use of TASERs generally, their intended use and effectiveness. He will testify about the circumstances in this case that indicate a lack of training and a lack of disciplinary action toward the officer, and his experience concerning *Monell*-related patterns of ratifying and failing to properly train and discipline LAPD officers who use excessive force. He will also testify based on his years of work in a supervisory position with the LA County Sheriff's Department, that an officer who uses excessive force is likely to do so again. | 1.5 | .5 |

| Witness. | Brief Description of Testimony | Direct (hr) | Cross (hr) |
|---|---|---|---|
| 30. Marcus Vaughn | Plaintiff is the husband of Redel Jones. Will testify as to Ms. Jones' history of mental illness, her relationship with her children, her enjoyment of life, her endeavors, hobbies and aspirations. He will also testify as to his relationship with Ms. Jones and the effect that her death has had on him. He will also testify as to the relationship that his children had with Ms. Jones and the effect that her death has had on each of them. | .75 | .25 |
| 31. Phyniques Williams | Ms. Williams is the decedent's sister. She will testify as to the decedent's love of life, ambitions, talents and business endeavors. She will also testify as to the decedent's mental illness. She resides with the Plaintiff, Harold Horne, and will testify as to the relationship between Mr. Horne and Ms. Jones and the effect that Ms. Jones' death has had on Plaintiff Horne. | .75 | .25 |
| 32. Tiasa Powell | Ms. Powell is the court-appointed guardian ad litem for the minor plaintiffs (Ms. Jones' two children). Ms. Powell will testify as to the relationship between Ms. Jones and the minor plaintiffs and how Mr. Jones' death has affected the minor plaintiffs. | .5 | .25 |
| 33. D.J.A. | The decedent's minor son. He will testify about his relationship with his mother and the effect that his mother's death has had on him. | .25 | .1 |
| 34. S.J. | The decedent's minor daughter. She will testify about her relationship with her mother and the effect that her mother's death has had on her. | .25 | .1 |

| Witness. | Brief Description of Testimony | Direct (hr) | Cross (hr) |
|---|---|---|---|
| 35. Harold Horne | A plaintiff and the decedent's father. He will testify about his relationship with his daughter and the effect that her death has had on his life. | .5 | .25 |

-12-
PLAINTIFFS' WITNESS LIST