1

NOTE: CHANGES MADE BY THE COURT

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| MARCUS VAUGHN; S.J., a minor, by and through her guardian ad litem Tiassa Powell; and D.J.A, a minor, by and through his guardian ad litem Tiassa Powell, in each case individually and as a successor in interest to Redel Jones, deceased; and HAROLD HORNE, individually,<br><br>          Plaintiffs,<br><br>     vs.<br><br>CITY OF LOS ANGELES; BRETT RAMIREZ; and DOES 1-10, inclusive,<br><br>          Defendants. | **Case No. CV 16-03086 AB (AJWx)**<br><br>[*Honorable Andre Birotte, Jr.*]<br><br>**FINAL PRETRIAL CONFERENCE ORDER**<br><br><br><br><br><br><br><br>Trial:                    11/7/17<br>Pretrial Conference:    10/16/17 |

## TABLE OF CONTENTS

1.   THE PARTIES ............................................................................ 1

2.   FEDERAL JURISDICTION AND VENUE ...................................... 2

3.   TRIAL ESTIMATE ..................................................................... 2

4.   JURY TRIAL .............................................................................. 2

5.   ADMITTED FACTS .................................................................... 2

6.   STIPULATED FACTS .................................................................. 3

7.   CLAIMS AND DEFENSES ............................................................ 3

     (a)   Plaintiffs ........................................................................ 3

     (b)   Defendants ..................................................................... 9

8.   REMAINING ISSUES TO BE TRIED. ........................................ 14

9.   DISCOVERY ............................................................................ 15

10.  DISCLOSURES AND EXHIBITS ................................................ 15

11.  WITNESSES ............................................................................ 15

12.  LAW AND MOTION ................................................................. 16

13.  BIFURCATION ........................................................................ 17

14.  PRETRIAL ORDER SUPERCEDES THE PLEADINGS .................... 17

Following pretrial proceedings, pursuant to F.R.Civ.P. 16 and L.R. 16, IT IS ORDERED:

## 1.   THE PARTIES

The parties are:

Plaintiff Marcus Vaughn (husband of decedent, Redel Jones);

Plaintiff D.J.A. (minor son of decedent, Redel Jones);

Plaintiff S.J. (minor daughter of decedent, Redel Jones);

Plaintiff Harold Horne (father of decedent, Redel Jones);

Defendant City of Los Angeles; and

Defendant City of Los Angeles Police Officer Brett Ramirez.

Each of these parties has been served and has appeared.  All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are: Plaintiffs' May 4, 2016 Complaint for Damages [Dkt. #1]; Defendants' June 16, 2016 Answer [Dkt. #16]; Plaintiffs' September 25, 2016 Memorandum of Contentions of Fact and Law [Dkt.#55]; Defendants' Memorandum of Contentions of Fact and Law [Dkt. #45]; and this Proposed Joint Pretrial Conference Order.

### A. Dismissed Claims

The following claims and defendants are being dismissed by stipulation of the parties, each side to bear their own costs:

a.   1st Claim for Relief: Fourth Amendment – Detention and Arrest (42 USC § 1983)

b.   3rd Claim for Relief:  Denial of Medical Care (42 USC § 1983)

c.   8th Claim for Relief:   False Arrest/False Imprisonment (Cal. State law)

d.   11th Claim for Relief:  Violation of Cal. Civil Code §52.1 (Bane Act)

**2.     FEDERAL JURISDICTION AND VENUE**

Federal jurisdiction and venue are invoked upon the grounds:

Plaintiffs allege, pursuant to 42 U.S.C. § 1983, that Defendant LAPD Officer Brett Ramirez violated decedent Redel Jones' Fourth Amendment right to be free from unlawful seizures by using unreasonable force against her.  Plaintiffs also allege that the use of excessive force by Ramirez violated their rights under the Fourteenth Amendment to be free from unlawful state interference with their familial relations with the decedent.  Plaintiffs allege that such violations occurred within this District and that one or more of the Defendants resides in this District. Subject-matter jurisdiction is appropriate under 28 U.S.C. §§ 1331 and 1343 (a) and venue is appropriate under 28 U.S.C. § 1391.  The facts requisite to federal jurisdiction are admitted.

**3.     TRIAL ESTIMATE**

Plaintiffs contend that a jury trial of all claims, including Monell, would take 5 court days.

Defendants contend that that trial of all claims is to take 4-6 days.

The Court sets the following time limits:

- 12 hours per side to present evidence
- 20 minutes per side for opening statements
- 40 minutes per side for closing arguments

**4.     JURY TRIAL**

A trial is to be by jury.

**5.     ADMITTED FACTS**

The following facts are admitted and require no proof:

1.     The incident in this case occurred on August 12, 2015.

2.      Ramirez was acting under color of state law and in the course and scope of his employment as a member of the Los Angeles Police Department.

3.      The officer-involved shooting occurred in Los Angeles, California.

## 6.    STIPULATED FACTS

Beyond those listed in section 5 above, there are no other facts both parties are willing to stipulate to.

## 7.    CLAIMS AND DEFENSES

(a)      Plaintiffs plan to pursue the following claims against the following defendants:

Claim 1:     Defendant Brett Ramirez used excessive force against Redel Jones in violation of her Fourth Amendment rights and 42 U.S.C. § 1983.

Claim 2:     The use of excessive force by Officer Ramirez against Ms. Jones violated Plaintiffs' Fourteenth Amendment substantive due process rights to be free from unlawful state interference with their familial relationship, companionship, and society with Ms. Jones.

Claim 3:     The LAPD is liable for the use of excessive force by Ramirez because it ratified Ramirez' unconstitutional conduct; *and/or* The LAPD is liable for the use of excessive force by Ramirez because its failure to train and discipline its officers was the moving force that ultimately caused Ms. Jones' death; *and or* The LAPD is liable for the use of excessive force by Ramirez because the LAPD's widespread practice or custom of failing to investigate, discipline or retrain its officers for their use of

1   excessive force was the moving force that caused Ms. Jones'
2   ultimate injury.

3   Claim 4:     Officer Ramirez used unreasonable force which constituted
4                battery by a peace officer in violation of California law.

5   Claim 5:     Officer Ramirez' pre-shooting tactics and use of force breached
6                his duty to care to act as a reasonable peace officer and was
7                therefore negligent.

8   Claim 6:     Officer Ramirez used excessive and unreasonable force against
9                Redel Jones in violation of her civil rights as protected by the
10               California Constitution pursuant to the Bane Act.

11   (b)   The elements required to establish Plaintiff's claims are:

12  **Claim 1**:     Excessive Force (Fourth Amendment).

13  Elements:

14     1.    Officer Ramirez used excessive force against the decedent; and
15     2.    The excessive force was a cause of injury, loss, damage, harm, pain,
16           suffering and loss of life to Ms. Jones, and was a cause of the resulting
17           injury, damage, loss, and harm to Plaintiffs. *See* Ninth Circuit Manual
18           of Model Jury Instructions, No. 9.25.

19   Plaintiffs bring this claim in their individual capacities on their own behalves
20  and as successor in interest to decedent on her behalf and seeks survival damages,
21  wrongful death damages, punitive damages, and reasonable attorneys' fees under
22  federal law for this claim.

23  **Claim 2**:     Unlawful Interference with Familial Relations (Fourteenth Amendment).

24  Elements:

25     1.    Officer Ramirez acted with deliberate indifference to the decedent's
26           rights. *See Porter v. Osborn,* 546 F. 3d 1131 (9th Cir. 2008). See
27           Comment to Ninth Cir. Model Civil Instruction 9.32; *Strandberg v.*

28

1   *City of Helena*, 791 F.2d 744 (9th Cir.1986); *Smith v. City of Fontana*,

2   818 F.2d 1411, 1420 (9th Cir. 1987) overruled on other grounds by

3   *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999).

4   "Deliberate indifference is the conscious or reckless disregard of the

5   consequences of one's acts or omissions. It entails something more than negligence

6   but is satisfied by something less than acts or omission for the very purpose of

7   causing harm or with knowledge that harm will result." *Gantt v. City of L.A*., 717

8   F.3d 702, 708 (9th Cir.2013).

9   Plaintiffs brings this claim in their individual capacities, seek recovery for

10   loss of the decedent's love, companionship, comfort, care, assistance, protection,

11   affection, society, moral support, and they seek punitive damages, and attorneys'

12   fees under federal law for this claim.

13   **Claim 3:**      Municipal (*Monell*) Liability.

14   *Based on Ratification*

15   Elements:

16         1.      Brett Ramirez acted under color of state law;

17         2.      Brett Ramirez deprived Ms. Jones of her Fourth Amendment rights;

18         3.      Captain Sean Parker and/or Chief Charlie Beck acted under color of

19              state law;

20         4.      Captain Sean Parker and/or Chief Charlie Beck had final policymaking

21              authority from defendant City of Los Angeles concerning the acts and

22              failures to act of Officer Ramirez; and

23         5.      Captain Sean Parker and/or Chief Charlie Beck ratified Officer

24              Ramirez's acts and failures to act, that is, Captain Sean Parker and/or

25              Chief Charlie Beck knew of and specifically made a deliberate choice

26              to approve Officer Ramirez's acts and failures to act and the basis for

27              it.

28

*Based on Failure to Train*

1.   The acts and failures to act of LAPD Officer Brett Ramirez deprived Ms. Jones of her Fourth Amendment rights;

2.   Brett Ramirez acted under color of state law;

3.   The policies of the defendant LAPD were not adequate to prevent violations of law by its employees or train its police officers to handle the usual and recurring situations with which they must deal;

4.   The LAPD was deliberately indifferent to the known or obvious consequences of its failure to train or discipline police officers adequately; and

5.   The failure of the defendant LAPD to prevent violations of law by its employees or to provide adequate training and discipline caused the deprivation of Ms. Jones' rights by Officer Ramirez, that is, the defendant's failure to train and discipline its officers for excessive force is so closely related to the deprivation of Ms. Jones' rights as to be the moving force that caused the ultimate injury.

*Based on Official Policy, Practice, or Custom*

1.   Officer Ramirez acted under color of state law;

2.   The acts of Officer Ramirez deprived Ms. Jones of her Fourth Amendment right to be free from excessive force;

3.   Officer Ramirez acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the defendant LAPD; and

4.   The defendant LAPD's official policy or widespread or longstanding practice or custom caused the deprivation of Ms. Jones' rights by the Officer Ramirez, that is, the LAPD's official policy or widespread or longstanding practice or custom is so closely related to the deprivation

of Ms. Jones' rights as to be the moving force that caused the ultimate injury.

Plaintiffs bring these claims in their capacities as successors in interest to Redel Jones and seek survival damages, punitive damages, and attorneys' fees under federal law for these claims.

**Claim 4:**     Battery (Wrongful Death).

Elements:

1.     Officer Ramirez used unreasonable force against Ms. Jones;

2.     Ms. Jones did not consent to that use of force;

3.     Officer Ramirez's use of unreasonable force was a substantial factor in causing Ms. Jones' death.  *See* CACI 1305.

Plaintiffs seek wrongful death damages and attorneys' fees under state law for this claim and contend that the City of Los Angeles is vicariously liable for Officer Ramirez's use of unreasonable force for this claim.

**Claim 5:**     Negligence (Wrongful Death).

Elements:

1.     Officer Ramirez was negligent; and

2.     Officer Ramirez's negligence was a cause of Ms. Jones' death. *See* CACI 400, 401, 440.

Plaintiffs seek wrongful death damages under state law for this claim and allege that the City of Los Angeles is vicariously liable for Officer Ramirez's conduct for this claim.

(c)     In brief, the key evidence Plaintiffs rely on for each of the claims is:

1.     Testimony of Plaintiffs, guardian ad litem, Tiassa Powell and Phyniques Williams;

2.     Testimony of Defendant Officer Ramirez;

3.     Testimony of Officer Iniguez;

| | |
|---|---|
| 4. | Testimony of Officer Carpenter; |
| 5. | Testimony of Officer Hughes; |
| 6. | Testimony of Courtyana Franklin; |
| 7. | Testimony of the Medical Examiner, Dr. Su; |
| 8. | Testimony of Plaintiffs' police practices expert, Roger Clark; |
| 9. | Testimony of coroner's investigator; |
| 10. | Testimony of LAPD Detectives and Force Investigation Division Commander and Chief Officer; |
| 11. | Testimony of Captain Sean Parker, Commanding Officer of the Southwest Division; |
| 12. | Testimony of Chief Charlie Beck; |
| 13. | Testimony of Detective III Javier Lozano; |
| 14. | Testimony Sr. MA I Miguel Munoz, PSB CMSU; |
| 15. | Testimony of first responder personnel who arrived at scene, Reddick; |
| 16. | Photos of scene; |
| 17. | Photos of decedent at scene; |
| 18. | Autopsy report and photographs of decedent; |
| 19. | Testimony of criminalists and investigators concerning bullet impacts, casings, projectiles, and physical evidence recovered from scene; |
| 20. | Police reports; |
| 21. | Dispatch and Radio Broadcast recordings; |
| 22. | Quarterly Discipline Reports by the LAPD for Five Years prior to the Shooting; |
| 23. | June 23, 2016 Interdepartmental Correspondence to Board of Police Commissioners re FID No. 067-15 |
| 24. | Evidence of prior complaints, retraining, internal affairs investigations, and disciplinary actions of the involved officers; |
| 25. | TASER Download; |

FINAL PRETRIAL CONFERENCE ORDER

26.     Plaintiffs' funeral and burial expenses;

27.     Photographs of decedent with Plaintiffs and family members;

28.     Emails between decedent and her sister;

29.     Facebook posts by the decedent;

30.     Decedent's obituary;

31.     Reference to original statements and depositions of involved officers and percipient witnesses**.**

## **Defendants Objections and Statement of Required Elements**

***Claim 1 (Fourth Amendment – excessive force):***   Defendants contend the proper elements would be:

1.     Defendant Ramirez' acts were intentional;

2.     Defendant Ramirez acted under color of state law; and

3.     Defendant Ramirez unreasonably seized Redel Jones' person by using unreasonable force against her; and

4.     The acts of Defendant Ramirez were the cause of the deprivation of the decedent, Redel Jones', rights protected by the Constitution or laws of the United States.

*See* Ninth Circuit Manual of Model Jury Instructions 9.1, 9.2 and 9.25 (2017); *Baker v. McCollan*, 443 U.S. 137, 142 (1979)

***Claim 2 (14th Amendment – loss of familial relationship):***

1.     Defendant Ramirez' acts were intentional;

2.     Defendant Ramirez acted under color of state law;

3.     Plaintiffs had a familial relationship with Redel Jones;

4.     Defendants used unreasonable force against Redel Jones; and

5.     In using the unreasonable force, Defendant Ramirez acted in a manner that "shocks the conscience"

*See* Ninth Circuit Manual of Model Jury Instructions 9.32 (2017); *Byrd v Guess*, 137 F.3d 1126 (9th Cir.1998).

**Claim 3:**

(***Monell* – based on ratification) –** Defendants object to inclusion of this claim as Plaintiffs have not pled a specific individual defendant policymaker as required by law, and therefore cannot proceed on this claim. *See* Ninth Circuit Manual of Model Civil Jury Instructions, 9.7 (2017); *Jett v. Dallas Indep. Sch. Distr.,* 491 U.S. 701, 737-38 (1989); *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996); *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992); *Sheehan v. City & Cnty. of S.F.*, 741 F.3d 1211, 1231 (9th Cir. 2014); *Clouthier v. Cnty. of Contra Costa,* 591 F.3d 1232, 1253-54 (9th Cir. 2010).[1]

(***Monell* – based on failure to train)**

1. The acts of Officer Ramirez deprived the plaintiff of her particular rights under the United States Constitution;
2. Officer Ramirez acted under color of state law;
3. The training policies of the defendant City of Los Angeles were not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

---

[1] Plaintiffs respond that persons who qualify as final policymakers were identified by documents produced by the City near the end of discovery.  These individuals are listed herein and on Plaintiffs' witness list.  Moreover, Plaintiffs do not bring a claim for supervisory liability and therefore contend that since it is the City who is the defendant on the *Monell* claim – not the individual City employee who may or may not be the final policy maker – it is not fatal to Plaintiffs' *Monell* claim that the names of the final policymakers do not appear in the complaint. Finally, Plaintiffs contend that Defendants waived this argument by failing to challenge the adequacy of the pleadings regarding this claim via either a Rule 12 or Rule 56 motion.

4.      The defendant City of Los Angeles was deliberately indifferent to the known or obvious consequences of its failure to train its police officers; and

5.      The failure of the defendant City of Los Angeles to provide adequate training caused the deprivation of the plaintiff's rights by Officer Ramirez; that is, the defendant's failure to train is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

*See* Ninth Circuit Manual of Model Jury Instructions 9.8 (2017).

(***Monell*** **based on custom, policy and practice**)

Defendants are agreeable to the elements as set forth by Plaintiffs.

***Claim 4*** *(Wrongful Death (Battery))*:

1.      That Officer Ramirez intentionally touched Redel Jones or caused Redel Jones to be touched;

2.      That Officer Ramirez used unreasonable force to detain Redel Jones;

3.      That Redel Jones did not consent to the use of that force;

4.      That Redel Jones was harmed; and

5.      That Officer Ramirez' use of unreasonable force was a substantial factor in causing Redel Jones' death.

*See* California Civil Jury Instructions (CACI) 1305.

***Claim 5*** *(Wrongful Death (Negligence))*:

1.      That Officer Ramirez used unreasonable force against Redel Jones in detaining and/or arresting her; and

2.      That Officer Ramirez's use of unreasonable force was a substantial factor in causing Redel Jones' death.

*See* California Civil Jury Instructions (CACI) – 440 and 3921; *Heymann v. California*, 2000 U.S. Dist. LEXIS 16357 (N.D. Cal. 2000); *Hernandez v. City of Pomona (2009) 46 Cal. 4th 501, 513.*

1   **Defendants' Counterclaims and Affirmative Defenses:**

2       (a)     Defendant plans to pursue the following counterclaims and affirmative
3   defenses:

4               *First Affirmative Defense:*  Qualified Immunity (federal)

5               *Second Affirmative Defense:*  Qualified Immunities (state)

6               Cal. Gov. Code, § 815.2(b): Injuries by Employee Within Scope of
7   Employment; Immunity of Employee

8               Cal. Gov. Code, § 820.2: Discretionary Acts

9               Cal. Gov. Code, § 820.8: Acts or Omissions of Others

10              Cal. Gov. Code § 821.6: Immunity

11              *Third Affirmative Defense:*  Self-Defense/Defense of Others

12              *Fourth Affirmative Defense:* Contributory Negligence

13              *Fifth Affirmative Defense:*   Failure to Comply With California Tort
    Claims Act, California Government Code § 910 et seq.

14      (b)     The elements required to establish Defendant's counterclaims and
15  affirmative defenses are:

16      **First Affirmative Defense**: *Qualified Immunity*

17              1.      Whether Defendant Ramirez' alleged conduct violated a
18  constitutional right;

19              2.      If a constitutional right was violated, whether the constitutional
20  right was "clearly established."

21              *See Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Ramirez v. City of*
22  *Buena Park*, 560 F.3d 1012, 1020 (9th Cir. 2009).

23

24

25

26

27

28

***Second Affirmative Defense***:   *Qualified Immunities (state)*[2]

Cal. Gov. Code, § 815.2(b): Injuries by Employee Within Scope of Employment; Immunity of Employee

If the employee is immune from liability, Defendant City of Los Angeles also is immune from liability.

Cal. Gov. Code, § 820.2: Discretionary Acts

An employee of Defendant City of Los Angeles was exercising the discretion vested in him/her.

Cal. Gov. Code, § 820.8: Acts or Omissions of Others

An employee of Defendant City of Los Angeles cannot be held liable for an injury caused by the act or omission of another person.

Cal. Gov. Code § 821.6: Immunity

A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause.

***Third Affirmative Defense:***  *Self-Defense/Defense of Others*

1.    That Defendant Ramirez reasonably believed that Redel Jones was going to harm him or others; and

2.    That Defendant Ramirez used only the amount of force that was reasonably necessary to protect himself or others.

*See* CACI 1304.

***Fourth Affirmative Defense***: Contributory Negligence

**1.**    That Redel Jones was negligent; and

**2.**    That Redel Jones' negligence was a substantial factor in causing her death.

---

[2] Plaintiffs do not agree that there are any applicable state law immunities that would shield Officer Ramirez from trial for his violation of Plaintiffs' civil rights and will file a separate trial brief addressing this issue.

*See* CACI 407 (2009).

**Fifth Affirmative Defense**: *Failure to Comply With California Tort Claims Act, California Government Code § 910 et seq.*[3]

1.   Each plaintiff was required to file a government tort claim on each asserted state law claim with the City of Los Angeles within 6 months of the incident giving rise to the state law claims.

(c)   In brief, the key evidence Defendant relies on for each counterclaim and affirmative defense is:  Testimony of the parties, testimony of Defendants' experts, testimony of third party witnesses, autopsy report, video recordings of the incident including the robbery, audio recording of the LAPD communications broadcasts, and Defendants' exhibits.

## 8.   REMAINING ISSUES TO BE TRIED.

In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried:

1.   Whether Officer Ramirez used excessive or unreasonable force against Redel Jones[4];

2.   Whether Officer Ramirez's interfered with Plaintiffs' familial relations with Redel Jones;

3.   Plaintiffs contend that a remaining issue to be tried is, Whether Officer Ramirez was negligent and whether his negligence was a substantial factor in causing the death of Redel Jones?  Defendants disagree and instead contend that a

---

[3] Plaintiffs contend that they fully complied with §910, but contend that this is an issue of law and therefore do not include those documents on their list of exhibits for trial.  Plaintiffs will file a separate trial brief addressing this issue.

[4] Plaintiffs contend that the same standard applies to Plaintiffs' claims for battery under state law and for excessive force under the Fourth Amendment and that substantial factor causation applies to both claims.

remaining issue to be tried is, Whether Officer Ramirez used unreasonable force that was a substantial factor in causing the death of Redel Jones.

4.    Whether Redel Jones was negligent and whether her negligence was a substantial factor in causing her death;

5.    Whether there is a custom, practice or policy in the LAPD for the use deadly force with impunity that was the moving force that caused the deprivation of Redel Jones' constitutional rights;

6.    Whether the failure to adequately train or discipline LAPD officers for their use of deadly excessive force was the moving force that caused the deprivation of Redel Jones' constitutional rights;

7.    Whether the LAPD ratified Officer Ramirez's use of excessive force against Redel Jones; (Defendants' object to the inclusion of this claim for the reasons stated above);

8.    Whether Officer Ramirez acted with malice, oppression or in reckless disregard of Redel Jones' rights; and if punitive damages are awarded, the amount of punitive damages.

9.    Plaintiffs contend that a remaining issue to be tried is the nature and extent of Redel Jones' damages.  Defendants disagree;

10.   Plaintiffs contend that a remaining issue to be tried is the nature and extent of Plaintiffs' damages.  Defendants disagree.

**9.    DISCOVERY**

All discovery is complete.

**10.    DISCLOSURES AND EXHIBITS**

To the best of the parties' knowledge, each party has made all disclosures under F.R.Civ.P. 26(a)(3) to the other party.

The proposed joint exhibit list of the parties has been filed (or will be filed) under separate cover as required by L.R. 16-6.1.

**11.    WITNESSES**

Witness lists of the parties have been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

## 12.   LAW AND MOTION

The following law and motion matters and motions in limine, and no others, are pending or contemplated

*Plaintiffs filed the following motions in limine, which are pending before this Court:*

1.    Plaintiffs' Motion in Limine No. 1 to Exclude Specific Items of Evidence Acquired After the Shooting and not Known to Officer Ramirez at the Time of the Incident.

2.    Plaintiffs' Motion in Limine No. 2 to Exclude the Investigation and Decision by the Los Angeles County District Attorney not to Bring Criminal Charges against Officer Ramirez;

3.    Plaintiffs' Motion in Limine No. 3 to Exclude Reference to Black Lives Matter for the Purpose of Eliciting Bias against Law Enforcement.

4.    Plaintiffs' Motion in Limine No. 4 to Exclude Evidence of Statements Made by Courtyana Franklin to her Therapist as a Minor;

5.    Plaintiffs' Motion in Limine No. 5 to Limit the Opinions of Defense Expert Katapodis;

6.    Plaintiffs' Motion in Limine No. 6 to Exclude Opinions by Defense Expert Rocky Edwards, or in the Alternative, to Exclude Digital Reconstruction Images.

*Defendants filed the following motions in limine, which are pending before this Court:*

1.   Defendants' First Motion in Limine to trifurcate liability, damages and Monell, and exclude evidence of individual officers' financial condition

2.   Defendants' Second Motion in Limine to exclude evidence of any administrative investigations or proceedings involving any of the individual LAPD officers.

       3.  Defendant's Third Motion in Limine to exclude evidence, statements, suggestions or inferences of other incidents, lawsuits, claims, verdicts, settlements or judgments involving the City, the LAPD or any of the individual Defendants

       4.  Defendants' Fourth Motion in Limine to preclude Plaintiffs' expert, Roger Clark, from testifying as to and matters beyond his area of expertise

       5.  Defendants' Fifth Motion in Limine to Exclude any evidence or testimony relating to decedent's mental status/disorders and/or treatment medications

**13.   BIFURCATION / TRIFURCATION**

      Plaintiffs agree to sever trial concerning the amount of punitive damages from all other issues at trial.  Plaintiffs oppose any other severance or bifurcation.

      Defendants propose to trifurcate the trial as follows: liability, damages, and *Monell*.

      The Court **ORDERS** that the case will be trifurcated into the following phases:  (1) liability, (2) damages, and (3) *Monell*.

**14.   PRETRIAL ORDER SUPERCEDES THE PLEADINGS**

      The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

      **IT IS SO ORDERED.**

Dated:  October 26, 2017          _____

                      Honorable André Birotte Jr.
                      United States District Court
                      Central District of California