FILED
CLERK, U.S. DISTRICT COURT

10/8/2019

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CB_____ DEPUTY

1
2
3
4
5
6
7

8        UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA

10

11   MARCUS VAUGHN, et al.,                 Case No. 2:16-cv-03086-AB (AJWx)

12              Plaintiffs,                  **CLOSING JURY INSTRUCTIONS**

13        v.

14   CITY OF LOS ANGELES, et al.,

15              Defendants.

16

17

18        The following are the Court's jury instructions to guide your consideration of

19   the evidence in this case.

20

21

22

23   Dated:  October 8, 2019      _____

24                                HONORABLE ANDRÉ BIROTTE JR.
                                  UNITED STATES DISTRICT COURT JUDGE
25

26

27

28

## <u>CLOSING JURY INSTRUCTION NO. 1</u>

### DUTY OF THE JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.  A copy of these instructions will be sent with you to the jury room when you deliberate.  Some of these will sound familiar because they were also read to you at the beginning of the trial.

You must not infer from these instructions or from anything I have said or done as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1

## CLOSING JURY INSTRUCTION NO. 2

2

## CLAIMS AND DEFENSES

3

4      To help you follow the evidence, I will give you a brief summary of the

5   positions of the parties:

6

7      The plaintiffs are Ms. Redel Jones's husband Marcus Vaughn; Ms. Jones's two

8   children, D.J.A. and S.J.; and Ms. Jones's father, Harold Horne.  The plaintiffs assert

9   that LAPD Officer Brett Ramirez used excessive and unreasonable force and that he

10   was negligent when he shot and killed Ms. Jones.  The plaintiffs bring these claims

11   against Officer Ramirez and the City of Los Angeles.

12

13      The plaintiff has the burden of proving these claims.

14

15      The defendants deny those claims and contend that Officer Ramirez's conduct

16   was reasonable under the circumstances, and that Ms. Jones was negligent.

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CLOSING JURY INSTRUCTION NO. 3</u>

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## <u>CLOSING JURY INSTRUCTION NO. 4</u>
### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

## CLOSING JURY INSTRUCTION NO. 5
## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## CLOSING JURY INSTRUCTION NO. 6

### STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you.  You must therefore treat these facts as having been proved. These facts are:

1. The incident in this case occurred on August 12, 2015.
2. Officer Ramirez was acting under color of state law and in the course and scope of his employment as a member of the Los Angeles Police Department.
3. The officer-involved shooting occurred in Los Angeles, California.

## **CLOSING JURY INSTRUCTION NO. 7**
### **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLOSING JURY INSTRUCTION NO. 8
## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overruled the objection, the question may be answered or the exhibit received. If I sustained the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLOSING JURY INSTRUCTION NO. 9

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;
2.  the witness's memory;
3.  the witness's manner while testifying;
4.  the witness's interest in the outcome of the case, if any;
5.  the witness's bias or prejudice, if any;
6.  whether other evidence contradicted the witness's testimony;
7.  the reasonableness of the witness's testimony in light of all the evidence; and
8.  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but

10.

1   told the truth about others, you may accept the part you think is true and ignore the
2   rest.
3
4       The weight of the evidence as to a fact does not necessarily depend on the
5   number of witnesses who testify. What is important is how believable the witnesses
6   were, and how much weight you think their testimony deserves.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLOSING JURY INSTRUCTION NO. 10

### EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLOSING JURY INSTRUCTION NO. 11
### IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness made a prior inconsistent statement under oath may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose.

## CLOSING JURY INSTRUCTION NO. 12
### SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION

The plaintiffs brings their federal claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

## <u>CLOSING JURY INSTRUCTION NO. 13</u>

**SECTION 1983 CLAIM AGAINST DEFENDANTS IN INDIVIDUAL**

**CAPACITY – ELEMENTS AND BURDEN OF PROOF**

In order to prevail on their § 1983 claim for excessive force against Officer Ramirez, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.      Officer Ramirez acted under color of state law; and

2.      The acts of Officer Ramirez deprived Redel Jones and/or plaintiffs of their particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that Officer Ramirez acted under color of law.

A person deprives another of a constitutional right, within the meaning of § 1983, if he does an affirmative act or participates in another's affirmative act that causes the deprivation of which complaint is made.

If you find the plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all the elements they are required to prove under Instruction 14, your verdict should be for the plaintiffs on that claim.  If, on the other hand, the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendant on that claim.

## CLOSING JURY INSTRUCTION NO. 14

**PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE (DEADLY AND NONDEADLY) FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force.  Therefore, in order to prove an unreasonable seizure in this case, the plaintiffs must prove by a preponderance of the evidence that Officer Brett Ramirez used excessive force when he shot Redel Jones.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1.    the nature of the crime or other circumstances known to the officer at the time force was applied;

2.    whether the decedent posed an immediate threat of death or serious bodily harm to the officer or to others;

3.     whether the decedent was actively resisting arrest or attempting to evade arrest by flight;

1

2      4.      the amount of time the officer had to determine the type and amount of

3  force that reasonably appeared necessary, and any changing circumstances during that

4  period;

5

6      5.      the type and amount of force used;

7

8      6.      the availability of alternative methods to take the decedent into custody;

9

10      7.      whether it was practical for the officer to give warning of the imminent

11  use of force, and whether such warning was given;

12

13      8.      whether there was probable cause for a reasonable officer to believe that

14  the suspect had committed a crime involving the infliction or threatened infliction of

15  serious physical harm.

16

17      "Probable cause" exists when, under all of the circumstances known to the

18  officers at the time, an objectively reasonable police officer would conclude there is a

19  fair probability that Redel Jones has committed or was committing a crime.

20

21

22

23

24

25

26

27

28

## <u>CLOSING JURY INSTRUCTION NO. 15</u>

### BATTERY BY A PEACE OFFICER

Plaintiffs claim that Officer Ramirez used unreasonable force against Redel Jones.  To establish this claim, plaintiffs must prove all of the following:

1. That Officer Ramirez used unreasonable force to arrest or detain Redel Jones;
2. That Redel Jones did not consent to the use of that force;
3. That Redel Jones died; and
4. That Officer Ramirez's use of unreasonable force was a substantial factor in causing Redel Jones's death.

A police officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime.  Even if the police officer is mistaken, a person being arrested or detained has a duty not to use force to resist the police officer unless the police officer is using unreasonable force.

In deciding whether Officer Ramirez used unreasonable force, you must determine the amount of force that would have appeared reasonable to police officer in Officer Ramirez's position under the same or similar circumstances.  You should consider, among other factors, the following:

(a)    The seriousness of the crime at issue;

(b)    Whether Redel Jones reasonably appeared to pose an immediate threat of death or serious bodily injury to Officer Ramirez at the time of the shots; and

(c)    Whether Redel Jones was actively resisting arrest or detention or attempting to evade arrest or detention.

18.

## <u>CLOSING JURY INSTRUCTION NO. 16</u>
### NEGLIGENCE – ESSENTIAL FACTUAL ELEMENTS

Plaintiffs claim that Officer Ramirez's negligence was a cause of Redel Jones's death.  To establish this claim, plaintiffs must prove all of the following:

1.      That Officer Ramirez was negligent;

2.      That Redel Jones died;

3.      That Officer Ramirez's negligence was a substantial factor in causing Redel Jones's death.

## <u>CLOSING JURY INSTRUCTION NO. 17</u>
### NEGLIGENCE – BASIC STANDARD OF CARE

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person or police officer can be negligent by acting or by failing to act.  A person or police officer is negligent if he or she does something that a reasonably careful person or police officer would not do in the same situation or fails to do something that a reasonably careful person or police officer would do in the same situation.

You must decide how a reasonably careful person or police officer would have acted in Officer Ramirez's situation.

## CLOSING JURY INSTRUCTION NO. 18

## UNREASONABLE FORCE BY LAW ENFORCEMENT OFFICER – ESSENTIAL FACTUAL ELEMENTS

As it relates to Plaintiffs' state law claim for wrongful death based on negligence, a law enforcement officer may use reasonable force to arrest or detain a person when the officer has reasonable cause to believe that that person has committed or is committing a crime.  However, the officer may use only that degree of force necessary to accomplish the arrest or detention.

Plaintiffs claim that Officer Ramirez used unreasonable force in arresting or detaining Redel Jones.  To establish this claim, plaintiffs must prove all of the following:

1.    That Officer Ramirez used force in arresting or detaining Redel Jones;

2.    That the amount of force used by Officer Ramirez was unreasonable;

3.    That Redel Jones died; and

4.    That Officer Ramirez's use of unreasonable force was a substantial factor in causing Redel Jones's death.

In deciding whether Officer Ramirez used unreasonable force, you must consider all of the circumstances of the arrest or detention and determine what force a reasonable police officer in Officer Ramirez's position would have used under the same or similar circumstances.  Among the factors to be considered are the following:

(a)    Whether Redel Jones reasonably appeared to pose an immediate threat of death or serious bodily injury to the safety of Officer Ramirez;

(b)    The seriousness of the crime at issue; and

21.

(c)   Whether Redel Jones was attempting to avoid detention or arrest by flight; and

(d)   Officer Ramirez's tactical conduct and decisions before using deadly force against Redel Jones.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLOSING JURY INSTRUCTION NO. 19
## CAUSATION – MULTIPLE CAUSES

Under California law, a person's negligence may combine with another factor to cause harm.  If you find that Officer Ramirez's negligence was a substantial factor in causing Redel Jones's death, then Officer Ramirez is responsible for the death. Officer Ramirez cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing the death of Redel Jones.

## CLOSING JURY INSTRUCTION NO. 20
### NEGLIGENCE – COMPARATIVE FAULT OF DECEDENT

Defendants claims that Redel Jones's own negligence contributed to her death. To succeed on this claim, Defendants must prove both of the following:

1. That Redel Jones was negligent; and
2. That Redel Jones's negligence was a substantial factor in causing her death.

If Defendants prove the above, Redel Jones's damages are reduced by your determination of the percentage of Redel Jones's responsibility.  I will calculate the actual reduction.

## CLOSING JURY INSTRUCTION NO. 21

### CAUSATION – SUBSTANTIAL FACTOR

This instruction only applies to Plaintiffs' claims under California law, as detailed in Instructions 15-20.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLOSING JURY INSTRUCTION NO. 22
## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I might not have granted a request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## OPENING JURY INSTRUCTION NO. 23
### DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## <u>CLOSING JURY INSTRUCTION NO. 24</u>

### CONSIDERATION OF THE EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed

during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## CLOSING JURY INSTRUCTION NO. 25
## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## CLOSING JURY INSTRUCTION NO. 26
### RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

# OPENING JURY INSTRUCTION NO. 27

## PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.